LAW OFFICE OF TODD D. LERAS
Todd D. Leras, CA SBN 145666
455 Capitol Mall, Suite 802
Sacramento, California 95814
(916) 969-9370
toddleras@gmail.com
Attorney for Defendant
AYMAN ALAARAJ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>AHMAD NASSAR, and<br>AYMAN ALAARAJ,<br>Defendants. | Case No.: 2:25-cr-0140 DAD<br><br>STIPULATION AND ORDER CONTINUING STATUS CONFERENCE/ MOTIONS HEARING AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>Date: October 5, 2026<br>Time: 9:30 a.m.<br>Court: Hon. Dale A. Drozd |

This matter is presently set for status conference and hearing on Defendant Ahmad Nassar's Motion to Suppress Evidence (ECF Document 57; hereafter suppression motion) and Motion to Sever (ECF Document 58; hereafter severance motion) on October 5, 2026. By this stipulation, Defendants Nassar and Alaaraj move to continue the status conference/suppression motion and severance motion hearing date to November 9, 2026. Plaintiff United States of

America by and through Assistant United States Attorney Elliot Wong, Defendant Ahmad Nassar by and through Attorney Mark J. Reichel, and Defendant Ayman Alaaraj by and through Attorney Todd D. Leras, stipulate as follows:

1. The suppression motion and severance motion pending in this case were filed by Defendant Nassar's previous retained counsel, Attorney David Fischer, on June 1, 2026. Attorney Mark Reichel requested to substitute into this case as retained counsel on August 5, 2026 (ECF Document 68). The Court granted the request on August 7, 2026 (ECF Document 69).
2. This case involves an alleged bank fraud scheme with two victims identified in the Indictment (ECF Document 1) as Persons 1 and 2. The discovery produced by the government is voluminous, consisting of approximately 7,800 pages of reports, bank records, and other materials produced or obtained during law enforcement's investigation of the matter.
3. By this Stipulation, Defendants request to continue the status conference/hearing of the suppression motion and severance motion until November 9, 2026. They also request to exclude time between October 5, 2026, and November 9, 2026, for attorney preparation under Local Code T4 and for pending pretrial motions under Local Code E.
4. Attorney Mark Reichel represents that given his recent substitution into this case, he requires additional time to review discovery materials, consult with Mr. Nassar, and otherwise prepare for argument on the pending motions. Counsel for both Defendants represent that they require additional time for discovery review with their

respective clients and to continue with pending defense investigation.

5. Counsel for both Defendants believe that failure to grant the requested continuance would deny them the reasonable time necessary for effective preparation, considering the exercise of due diligence.

6. The government does not object to the continuance.

7. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the Defendants in a trial within the time prescribed by the Speedy Trial Act, 18 U.S.C. § 3161, et. seq. For the purpose of computing time under the Speedy Trial Act within which trial must commence, the time period from October 5, 2026, to November 9, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at Defendants' request on the basis that the Court find the ends of justice served by taking such action outweigh the best interest of the public and the Defendants in a speedy trial. In addition, time under the Speedy Trial Act is also excludable based on the ground that there are pending pretrial motions within the meaning of 18 U.S.C. § 3161(h)(1)(D) [Local Code E].

8. Nothing in this Stipulation and Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which trial must commence.

Assistant U.S. Attorney Elliot Wong, and Attorney Mark Reichel on behalf of Defendant Ahmad Nassar, have reviewed this document and authorized Todd D. Leras via email to sign it

on their behalf.

DATED: October 1, 2026

By *_/s/ Todd D. Leras for_*
ELLIOT WONG
Assistant United States Attorney

DATED: October 1, 2026

By *_/s/ Todd D. Leras for_*
MARK J. REICHEL
Attorney for Defendant
AHMAD NASSAR

DATED: October 1, 2026

By *_/s/ Todd D. Leras_*
TODD D. LERAS
Attorney for Defendant
AYMAN ALAARAJ

**ORDER**

BASED ON THE REPRESENTATIONS AND STIPULATION OF THE GOVERNMENT AND DEFENSE COUNSEL FOR BOTH DEFENDANTS, it is hereby ordered that the status conference/hearing on Defendant Nassar's suppression motion and severance motion, scheduled to occur on October 5, 2026, is vacated. A new status conference/motion hearing date is scheduled for November 9, 2026, at 9:30 a.m. The Court further finds, based on the representations of the parties and Defendants' request, that the ends of justice served by granting the continuance outweigh the best interests of the public and the Defendants in a speedy trial. Time shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), B(iv) and Local Code T-4, to allow necessary attorney preparation taking into consideration the exercise of due diligence and based on the pending motions pursuant to 18 U.S.C. § 3161(h)(1)(D) and Local Code E for the period from October 5, 2026, up to and including November 9, 2026.

IT IS SO ORDERED.

Dated: **October 3, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE